J-S67004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY WAHL | |
| Appellant | No. 459 MDA 2015 |

Appeal from the PCRA Order February 9, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000221-2013
CP-06-CR-0001345-2013
CP-06-CR-0003269-2013
CP-06-CR-0004172-2013
CP-06-CR-0004176-2013

BEFORE:  BOWES, PANELLA, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:  **FILED DECEMBER 15, 2015**

Jeffrey Wahl appeals *pro se* from the February 9, 2015 order denying him PCRA relief in five cases.  We affirm.

At criminal action 221 of 2013, Appellant was charged with driving under the influence of alcohol with a blood alcohol content of .12%, driving while his operating privileges were suspended, and careless driving.  Shortly after 2:00 a.m. on November 10, 2012, Muhlenberg Township Police Officer Andrew J. Barrow observed a tan Ford sedan turn onto North 5th Street from Audrey Street without signaling while traveling at a high rate of speed.  The vehicle swerved through a parking lot, turned north onto Stacy Street, began to travel down the center of that road, and drifted from one lane into

_____
* Retired Senior Judge assigned to the Superior Court.

the other. After the sedan turned onto Fraver Drive, Officer Barrow activated his lights, and blocked in the vehicle after it came to a stop in a parking lot. Officer Barrow discovered an open bottle of vodka inside the car and its driver, Appellant, displayed signs of intoxication. Appellant was taken to have his blood drawn, and his blood alcohol content was .12%.

Appellant was charged at criminal action 1345 of 2013 with receiving stolen property and theft from a motor vehicle. On January 1, 2013, Pennsylvania State Trooper Michael Kowalick was assigned to investigate a theft of a camera, briefcase, HP laptop computer, and a Blackberry cellular telephone from a Ford Escape owned by Nathan Rousch. The items were stolen while the car was parked in the driveway of Mr. Rousch's home at 183 Forgedale Road, Rockland Township. On January 10, 2013, Tara Wahl, Appellant's sister, turned over Mr. Rousch's computer to police and told them that she found it among Appellant's belongings, which were located in her home. Appellant was interviewed on January 12, 2013. After executing a written waiver of his **Miranda** rights, Appellant admitted that early on January 1, 2013, he removed the items from the victim's vehicle.

At criminal action 3269 of 2013, Appellant was charged with stealing a motorcycle, resisting arrest, escape, and possession of drug paraphernalia. On June 12, 2013, Exeter Police received an anonymous tip that Appellant was operating a stolen motorcycle and was staying at 445 Pomander Avenue. When police arrived at that location, they observed a black Honda

motorcycle parked in the driveway and ascertained from the vehicle identification number that it had been reported stolen during a June 17, 2013 burglary of D Custom Cycles.

Exeter Township Police Officers Brian Bollinger and Michael Bailey went to the side door of 445 Pomander Avenue, rang the bell, and knocked. The screen door was closed, but the interior door was opened and interior lights were illuminated. The two officers opened the screen door and yelled several times for someone to answer the door. Officer Bailey stepped inside the residence and saw Appellant attempting to hide. Officer Bollinger recognized Appellant and observed a glass pipe used to consume drugs on a table where the key to the motorcycle was located.

Appellant told the police that his shoulder was broken so they summoned emergency medical services. While waiting for the ambulance to arrive, Appellant fled through a sliding glass door, ran through the backyard, jumped over a fence into an adjoining yard, and jumped over the fence of that yard. Appellant was eventually tackled by Officer Bollinger. The owner of 445 Pomander Avenue told police that Appellant had arrived at her home the previous night riding the stolen motorcycle. She denied that the drug paraphernalia belonged to her.

Appellant was charged with burglary, trespass, mischief, and theft at case number 4172 of 2013. Central Berks Regional Police Officer Deron M. Manndel was the investigating police officer after a laundromat on 747

Carsonia Avenue, Lower Alsace Township, was burglarized on June 15, 2013. A customer of the business, Linda Suglia, told Officer Manndel that she arrived to do her laundry that morning and discovered that the change machine was smashed.

The owner of the business, Krista Templin, was contacted and provided police with surveillance tape. She said that the doors of the laundromat were designed to automatically lock at midnight and unlock at 6:00 a.m., but the doors had not locked at 12:00 a.m. on June 15, 2013. Videotape surveillance showed Appellant enter the laundromat through the unlocked door at about 5:00 a.m. He was in possession of bolt cutters and a screwdriver and unsuccessfully attempted to break into the change machine. After Appellant was apprehended, he admitted to this crime.

At criminal action 4176 of 2013, Appellant was charged with burglary, trespass, theft, and receiving stolen property in connection with the theft of the motorcycle from D Custom Cycles. During the night of June 16-17, 2013, Appellant had entered that business after breaking a window. Appellant's fingerprints were found at the burglary scene.

On October 9, 2013, Appellant tendered a negotiated guilty plea at all five actions. Appellant pled guilty to: 1) burglary at 4176 of 2013 in exchange for a sentence of one to five years; 2) burglary at 4172 of 2013 in exchange for a one to five year sentence, which was to be imposed consecutively to the one at 4176 of 2013; 3) escape at 3269 of 2013 in

return for two to five years imprisonment to run consecutively to counts one and two; 4) theft from a motor vehicle at 1345 of 2013 in exchange for a concurrent term of one to two years; and 5) driving under the influence of alcohol at 221 of 2013 in return for a concurrent sentence of three to six months. The negotiated sentence was four to fifteen years in jail was imposed by the plea court after it accepted Appellant's guilty plea.

Appellant did not file a direct appeal but did present a timely PCRA on September 14, 2013 at each action number. Therein, Appellant averred that plea counsel was ineffective for failing to file motions to suppress, for discovery, and to modify his sentence. Counsel was appointed and filed a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

In counsel's extensive withdrawal letter, which discussed the contentions in the PCRA petition, counsel also analyzed Appellant's claim that his plea was involuntary because he was tortured and starved in jail and was mentally incapable of entering a valid plea. Counsel additionally established the adequacy of the plea colloquy. On February 9, 2015, the PCRA court convened an evidentiary hearing, at which Appellant said he had no evidence to present in support of his PCRA petitions. Order, 2/9/15, at 1. The court denied PCRA relief and permitted counsel to withdraw. In this *pro se* appeal, Appellant presents these issues:

- 5 -

[1.] Did [plea counsel] violate Petitioner Jeffrey M. Wahl's United States Constitution (6th) Sixth Amendment right of effective assistance of counsel when she failed to investigate; failed to acquire complete Discovery, confirm criminal elements present for conviction under criminal charges, mental health of Petitioner, prior to and at the time of the plea?

[2] Did [plea counsel] violate Petitioner Jeffrey M. Wahl's United States Constitution (6th) Sixth Amendment right of effective assistance of counsel when she failed to investigate; failed to acquire complete Discovery, confirm criminal elements present for conviction under criminal charges, mental health of Petitioner, prior to and at the time of the plea?

[3.] Did PCRA Attorney . . . violate Petitioner Jeffrey M. Wahl's United States Constitution (6th) Sixth Amendment right of effective assistance of counsel as he failed to: review a complete and accurate record before filing a "Finley Letter "; failed to investigate client's mental health at the time of the plea; failed to investigate claim of government interference.

Appellant's brief at 4.

Initially, we outline the applicable principles regarding our review of the PCRA court's determinations herein:

An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Freeland***, 106 A.3d 768, 775 (Pa.Super. 2014) (citation omitted).

Appellant's first two claims are identical and charge plea counsel with ineffective assistance. "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit;

- 6 -

(2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa.Super. 2013) (*en banc*). The failure to meet any of these aspects of the ineffectiveness test results in the claim failing. ***Id***. A claim has arguable merit where the factual predicate is accurate and "could establish cause for relief." ***Id***. at 707. A determination as to whether the facts asserted present a claim of arguable merit is a legal one. ***Id***. It is presumed that counsel renders effective representation. ***Id***. Additionally, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa.Super. 2007) (citation omitted).

Appellant's first assertion against plea counsel concerns her failure to conduct discovery. The contents of the affidavit of probable cause filed at each action number establish that there was sufficient evidence to support a factual basis for the guilty plea. Appellant fails to delineate what type of discovery would have exonerated him, and his undeveloped and indecipherable assertions about plea counsel's failure to conduct discovery are therefore waived. ***Commonwealth v. Jones***, 811 A.2d 994, 1003 (Pa. 2002) (undeveloped, boilerplate allegations of ineffective assistance of counsel will not be entertained on appeal).

Appellant also complains about plea counsel's neglect to file a suppression motion, but he fails to present a discernable suppression issue of arguable merit. The affidavit at action number 221 of 2013 establishes that Appellant was arrested pursuant to a valid traffic stop. The documents at case number 1345 of 2013 indicate that the stolen items were discovered in the home of Appellant's sister, who gave police permission to enter the home. No search warrant was required under the circumstances. Moreover, Appellant executed a written waiver of his **Miranda** rights before he confessed. At number 3269 of 2013, the stolen motorcycle was sitting in plain view outside a home that did not belong to Appellant. Appellant was viewed on videotape entering the business that he burglarized at action 4172 of 2013. Finally, at case 4176 of 2013, the proof rested on the discovery of Appellant's fingerprints inside the business where the motorcycle was stolen. As Appellant has failed to present a developed suppression issue as to any of his cases, we reject this claim of plea counsel's ineffectiveness in this respect.

Appellant also suggests that he was mentally infirm and unable to tender a valid guilty plea. However, our review of the record dispels any concern that Appellant suffered from a mental disability that prevented him from entering a knowing and voluntary plea.

Appellant's final position is that PCRA counsel rendered ineffective assistance of counsel. This position was not raised during the PCRA

proceedings. A PCRA hearing was scheduled after PCRA counsel filed the petition to withdraw and no-merit letter. Appellant declined to present evidence or raise additional issues. Since Appellant never addressed his claims of PCRA counsel's ineffectiveness to the PCRA court during the PCRA proceedings, they are waived for purposes of this appeal. *Commonwealth v. Henkel*, 90 A.3d 16 (Pa.Super. 2014) (citing *Commonwealth v. Jette*, 23 A.3d 1032, 1044 n.14 (Pa. 2011); *Commonwealth v. Hill*, 16 A.3d 484, 497 n.17 (Pa. 2011); *Commonwealth v. Colavita*, 993 A.2d 874, 894 n.12 (Pa. 2010); *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009)).

After this appeal was filed, Appellant filed a Motion to Compel Complete Record on July 8, 2015. However, the PCRA court ordered that all transcripts be prepared and filed of record, and the record is complete at each action. Hence, the motion is moot.

Appellant's July 8, 2015 Motion to Compel Complete Record is denied. The PCRA order is affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2015